**UNITED STATES of America**

v.

**Stanley B. HOSS, Jr.,**

**Robert W. Duggan, District Attorney of Allegheny County, representing the Commonwealth of Pennsylvania, Appellant.**

**No. 18241.**

United States Court of Appeals, Third Circuit.

Argued May 5, 1970.

Decided May 21, 1970.

Carol Mary Los, Second Asst. Dist. Atty., Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty., Pittsburgh, Pa., on the brief), for appellant.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and MARIS and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal has been taken by the District Attorney of Allegheny County, Pennsylvania, claiming over the objection of the Attorney General of Pennsylvania to represent the Commonwealth, from an order of the District Court for the Western District of Pennsylvania. The questioned order granted temporary transfer of a duly committed state prisoner from state custody to the custody of the Federal Bureau of Investigation to assist in a search in another state for the bodies of persons the prisoner was thought to have killed.

Pursuant to the district court's order the F.B.I. took custody of the prisoner on October 17, 1969. The order required that the prisoner be returned to state custody not later than October 20, 1969. Actually, he was returned to the State Correctional Institution before that time pursuant to a stay order entered by this court after notice of the present appeal had been filed.

The above statement of facts makes it clear that the order appealed from has long since lost all force and effect by reason of its own limitation and the timely return of the prisoner. No judgment of this court can have any practical

effect upon the transfer of custody that gave rise to the issues sought to be presented. Moreover, the order of the district court was not "a continuing command which may be effectuated in the future," [1] and the order may not to any extent "be the basis of further proceedings." [2] We should not and will not utilize a moot case to decide either the standing of the appellant to represent the Commonwealth or the jurisdiction of the district court to enter its order.

The appeal will be dismissed on the ground that the case is moot.

---

1. Southern Pac. Terminal Co. v. ICC, 1911, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310.

2. NLRB v. Jones & Laughlin Steel Corp., 1947, 331 U.S. 416, 422, 67 S.Ct. 1274, 91 L.Ed. 1575.